UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TERRY J. THOMAS,

    Plaintiff,

v.

FREDDIE MAC,

    Defendant.

3:10-CV-0121-LRH-RAM

ORDER

Before the court is plaintiff Terry J. Thomas's ("Thomas") motion for summary judgment filed on May 18, 2010. Doc. #10.[1] Defendant Freddie Mac filed an opposition and a counter-motion to dismiss (Doc. #14) to which Thomas replied (Doc. #15).

**I.    Facts and Procedural History**

Thomas purchased real property through a loan with non-party First Magnus Financial Corporation ("First Magnus"). The loan was secured by a note and deed of trust. The note was sold from First Magnus to Countrywide Bank N.A. and then to Countrywide Home Loans, Inc. ("collectively Countrywide"). Countrywide was thereafter purchased by Bank of America, N.A. ("BOA").

BAC Home Loans Servicing, LP. ("BAC"), a subsidiary of BOA, sent Thomas a letter in

---

[1] Refers to the court's docketing number.

late 2009, stating that BAC was now the loan servicer of Thomas's mortgage and that Freddie Mac was the owner of the note by way of a separate contractual relationship with BOA.

On October 27, 2009, Thomas filed a complaint against Freddie Mac for declaratory relief seeking a declaration that Freddie Mac has no interest in Thomas's property. Doc. #1, Exhibit A. Thereafter, Thomas filed the present motion for summary judgment to which Freddie Mac filed a counter-motion to dismiss. Doc. ##10, 14.

## II.     Legal Standard

### A. Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### B. Motion to Dismiss

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

\\\

**III.     Discussion**

Declaratory relief is available only if: (1) a justiciable controversy exists between parties with adverse interests; (2) the plaintiff has a legally protectable interest; and (3) the issue is ripe. *See Knittle v. Progressive Casualty Ins. Co.*, 908 P.2d 724, 725 (Nev. 1996). Further, a claim is fit for declaratory relief only if the issues raised involve a legally cognizable claim. *US West Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999). If a case is not ripe for review, then there is no case or controversy and the court cannot exercise subject-matter jurisdiction over the action. *See American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).

Here, Thomas's claim for declaratory relief rests on a letter he received from BAC stating that Freddie Mac owned his mortgage note pursuant to a contract with BOA. There are no allegations that Freddie Mac took any action against Thomas or asserted its interest over Thomas's property in any way: Freddie Mac did not foreclose on his property or participate in filing any documents against him. Thomas's complaint is based solely on possible, hypothetical actions that could be taken by Freddie Mac. Hypothetical injuries are insufficient to raise an actionable case or controversy and invoke the court's subject-matter jurisdiction. *See e.g., Coast Range Conifers v. Board of Forestry*, 83 P.3d 966 (Or. 2004). Thus, Thomas's complaint fails to establish the existence of a case or controversy. Accordingly, the court shall deny Thomas's motion for summary judgment and grant Freddie Mac's motion to dismiss for lack of jurisdiction.

\\\
\\\
\\\
\\\
\\\
\\\

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #10) is DENIED.

IT IS FURTHER ORDERED that defendant's counter-motion to dismiss (Doc. #14) is GRANTED. Plaintiff's complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment appropriately.

IT IS SO ORDERED.

DATED this 6th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE